NELSON MULLINS RILEY & SCARBOROUGH LLP
RYAN E. COSGROVE, State Bar No. 277907
*ryan.cosgrove@nelsonmullins.com*
19191 South Vermont Avenue, Suite 900
Torrance, CA  90502
Telephone: 424.221.7400
Facsimile: 424.221.7499

Attorney for Defendants
TYCO FIRE PRODUCTS LP and
CHEMGUARD, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF BELL GARDENS, | Case No. |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL** |
| | **JURY TRIAL DEMANDED** |
| 3M COMPANY (f/k/a Minnesota Mining and Manufacturing Co.), et al., | |
| Defendants. | |

Defendants Tyco Fire Products LP and Chemguard, Inc. (collectively "Tyco"), by undersigned counsel, hereby give notice of removal of this action, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, from the Superior Court of the State of California in and for the County of Los Angeles, to the United States District Court for the Central District of California, Western Division. Tyco is entitled to remove this action based on diversity jurisdiction under 28 U.S.C. § 1332.  As grounds for removal, Tyco alleges as follows on personal knowledge as to its own conduct and status and on information and belief as to all other matters:

# **BACKGROUND**

1.     This action was filed on November 12, 2021, in the Superior Court of the State of California in and for the County of Los Angeles, bearing Case No. 21STCV41743.  (Ex. A, Complaint).  Tyco Fire Products LP accepted service on November 24, 2021.  Accordingly, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1).

2.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2) and 1441(a) because the Superior Court of the State of California in and for the County of Los Angeles is located within the Central District of California, Western Division.

3.     All Defendants that have been properly joined and served in this action as of this date consent to the removal of this action.  *See* 28 U.S.C. § 1446(b)(2)(A); *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) (holding that § 1446(b)(2)(A) is satisfied where removing defendant avers that other defendants consent to removal).[1]

---

[1]     The following Defendants have been or may have been served in this action: 3M Company; AGC Chemicals Americas, Inc.; Archroma U.S., Inc.; Arkema, Inc.; BASF Corporation; Buckeye Fire Equipment Company; Carrier Global Corporation; Chubb Fire, Ltd.; Clariant Corporation; Corteva, Inc.; E. I. DuPont de Nemours and Company; Kidde PLC, Inc.; Kidde-Fenwal, Inc.; Nation Ford Chemical Company; National Foam, Inc.; Raytheon Technologies Corporation; The Chemours Company; The Chemours Company FC, LLC; and UTC Fire & Security Americas Corporation, Inc. Counsel for all of these Defendants have advised Tyco's counsel that these Defendants consent to removal. The remaining Defendants have not been served as of this date. Thus, their consent to removal is not necessary.  *See* 28 U.S.C. § 1446(b)(2)(A) (providing that all defendants "who have been properly joined *and served* must join in or consent to the removal of the action" when removal is based solely on 28 U.S. Code § 1441 (emphasis added)); *see, e.g.*, *Baiul v. NBC Sports, A Division of NBCUniversal Media, LLC*, 732 F. App'x 529, 530–31 (9th Cir. 2018) (defendants who are not properly served need not join in or consent to removal). The consent of the unnamed "John Doe Defendants" also is not required for removal. *See, e.g.*, *Gamarra v. ADT, LLC*, 2021 WL 223250, at \*3 (C.D. Cal. Jan. 21, 2021).

4.     Plaintiff City of Bell Gardens seeks to hold Tyco and certain other Defendants liable based on their alleged conduct in designing, manufacturing, marketing, distributing, and/or selling fluorosurfactant products, including aqueous film-forming foam ("AFFF").

5.     Specifically, Plaintiff alleges that Defendants' products, including AFFF, contained per- and polyfluoroalkyl substances ("PFAS"), including perfluorooctanoic acid ("PFOA") and perfluorooctane sulfonic acid ("PFOS"), and that the use of these products at or near Plaintiff's property caused contamination to Plaintiff's soil, water supply, and wells.

6.     Plaintiff generally alleges that Defendants, including Tyco, designed, manufactured, marketed, distributed, and/or sold "Fluorosurfactant Products," including AFFF, that contained PFAS, including PFOS, PFOA, and/or their chemical precursors. (*Id*. ¶¶ 6–8).  Plaintiff alleges that the flurorsurfactant products, including AFFF, were "used, stored, released, and/or disposed of at, near, and/or in the vicinity of Plaintiff's Property, including Plaintiff's water supplies."  (*Id.* ¶ 9).  Plaintiff further alleges that it has incurred and will incur costs associated with investigating, remediating, removing, treating, and monitoring the contamination of its property. (*Id.* ¶ 1).

7.     Plaintiff "seeks to recover compensatory and/or consequential damages for all past and future costs to investigate, remediate, remove, filter, dispose of, treat, and monitor the PFOS and PFOA contamination of Plaintiff's Property" allegedly caused by the use of Defendants' products on and near Plaintiff's property.  (*Id.* ¶ 13). Plaintiff also seeks any other recoverable damages under state or federal law, restitution for diminution of property value, punitive damages, and attorneys' fees and costs.  (*Id.*; Prayer for Relief at 32–33.)

8.     Plaintiff asserts claims against all Defendants for strict liability – defective design – consumer expectation test (*id.* ¶¶ 55–65); strict liability – defective design – risk-benefit test (*id.* ¶¶ 66–74); strict liability – failure to warn (*id.* ¶¶ 75–

84); public nuisance (*id.* ¶¶ 85–96); private nuisance (*id.* ¶¶ 97–100); trespass (*id.* ¶¶ 101–08); negligence – manufacturer or supplier – duty to warn (*id.* ¶¶ 109–16); negligence – failure to recall (*id.* ¶¶ 117–28); and liability pursuant to California Civil Code section 1882 (*id.* ¶¶ 129–34).   Additionally, Plaintiff asserts one count of violation of the Uniform Voidable Transfer Act against E. I. DuPont de Nemours and Company, The Chemours Company, The Chemours Company FC, LLC, Corteva, Inc. and DuPont De Nemours, Inc. (*Id.* ¶¶ 135–46).  Plaintiff also seeks punitive damages. (*Id.* ¶ 147; Prayer for Relief at 33).

9. Pursuant to 28 U.S.C. § 1446(d), Tyco is serving a copy of this Notice of Removal upon all other parties to this case and Tyco is filing a copy with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles.

10. By filing a Notice of Removal in this matter, Tyco does not waive the rights of any Defendant to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and Tyco specifically reserves the rights of all Defendants to assert any defenses and/or objections to which they may be entitled.

11. Tyco reserves the right to amend or supplement this Notice of Removal.

**<u>REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION</u>**

12. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.  Diversity jurisdiction exists if two requirements are met.  First, the amount in controversy must exceed $75,000, exclusive of interest and costs.   28 U.S.C. § 1332(a).  Second, there must be complete diversity between the plaintiff and the defendants. *See, e.g.*, *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018).  Complete diversity exists if the suit is between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(3).   There is complete diversity here because Plaintiff is a citizen of California and every Defendant is either a citizen of a different state or a citizen or subject of a foreign state.

13.     For diversity purposes, a corporation is a citizen of "every State or foreign state by which it has been incorporated" as well as "the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1); *see, e.g.*, *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  An unincorporated business entity such as an LLC or a partnership "is a citizen of every state of which its owners/members are citizens."  *Id.*; *see Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)).  An LLC's or partnership's own state of organization and principal place of business thus are "irrelevant" for determining its citizenship. *E.g.*, *Great Am. E&S Ins. Co. v. Palmcrest House, LLC*, 2015 WL 13388247, at *1 n.1 (C.D. Cal. July 17, 2015).

14.     The Complaint alleges that Plaintiff is a municipal corporation that is incorporated in California and has its principal place of business in Bell Gardens, California.  (Compl. ¶ 14).  Plaintiff thus is a citizen of California.

15.     None of the Defendants is a citizen of California.

16.     As the Complaint alleges, Tyco Fire Products LP is a "limited partnership."  (*Id.*  ¶ 15j).  Thus, Tyco Fire Products LP has the same citizenship as its members.  Tyco Fire Products LP's partners are Defendant Central Sprinkler LLC and Defendant Fire Products GP Holding, LLC.  In turn, these limited liability companies have the citizenship of their members: (i) Defendant Fire Products GP Holding, LLC is wholly owned by its single member, Defendant Central Sprinkler LLC; (ii) Central Sprinkler LLC is wholly owned by its single member, Tyco International Management Company, LLC; (iii) Tyco International Management Company, LLC is wholly owned by its single member, Tyco Fire & Security Holdings LLC; (iv) Tyco Fire & Security Holdings LLC is wholly owned by its single member, Tyco Fire & Security (US) Management, LLC; (v) Tyco Fire & Security (US) Management, LLC is wholly owned by its single member, Johnson Controls US Holdings LLC; (vi) Johnson Controls US Holdings LLC is owned by three foreign members, JIH S.a.r.l., Tyco International Holding S.a.r.l., and Tyco International

Finance S.A.; (vii) the ultimate owner, partner, and/or member of each of these three foreign entities is Defendant Johnson Controls International plc; and (viii) Johnson Controls International plc is a citizen or a subject of a foreign state under 28 U.S.C. § 1332. *See infra* ¶ 24. Thus, Tyco Fire Products LP is a citizen or subject of a foreign state under 28 U.S.C. § 1332.

17. As the Complaint alleges, Chemguard, Inc. is a corporation that is incorporated in Texas and has its principal place of business in Marinette, Wisconsin. (Compl. ¶ 15h). Therefore, Chemguard, Inc. is a citizen of Texas and Wisconsin.

18. The Complaint alleges that Defendant 3M Company is a "Delaware corporation" that has its principal place of business in St. Paul, Minnesota. (*Id.* ¶ 15a). 3M is a citizen of Delaware and Minnesota.

19. The Complaint alleges that Defendant E.I. DuPont De Nemours and Company is a "Delaware corporation" that has its principal place of business in Wilmington, Delaware. (*Id.* ¶ 15b). E.I. Du Pont De Nemours and Company is a citizen of Delaware.

20. The Complaint alleges that Defendant The Chemours Company is a "Delaware corporation" that has its principal place of business in Wilmington, Delaware. (*Id.* ¶ 15c). The Chemours Company is a citizen of Delaware.

21. The Complaint alleges that Defendant The Chemours Company FC, LLC is a "Delaware limited liability company" with its principal place of business in Wilmington, Delaware. (*Id.* ¶ 15e). The Chemours Company FC, LLC is a limited liability company and thus has the same citizenship as its members. The sole member of The Chemours Company FC, LLC, is Defendant The Chemours Company, which is a citizen of Delaware. *See supra* ¶ 20. The Chemours Company FC, LLC is a citizen of Delaware.

22. The Complaint alleges that Defendant DuPont De Nemours, Inc. is a "Delaware corporation" that has its principal place of business in Wilmington, Delaware. (Compl. ¶ 15f). DuPont De Nemours, Inc. is a citizen of Delaware.

23.     The Complaint alleges that Defendant Corteva, Inc. is a "Delaware corporation" that has its principal place of business in Wilmington, Delaware. (*Id.* ¶ 15g).  Corteva, Inc. is a citizen of Delaware.

24.     The Complaint alleges that Defendant Johnson Controls International plc is an "Irish public limited company" and has its principal place of business in Cork, Ireland. (*Id.* ¶ 15l).  Johnson Controls International plc is a citizen or subject of a foreign state under 28 U.S.C. § 1332.

25.     The Complaint alleges that Defendant Central Sprinkler LLC is a "Delaware limited liability company."  (*Id.* ¶ 15m).  For the reasons stated in paragraph 16, *supra*, Central Sprinkler LLC is a citizen or subject of a foreign state under 28 U.S.C. § 1332.

26.     The Complaint alleges that Defendant Fire Products GP Holding, LLC is a "Delaware limited liability company." (*Id.* ¶ 15n).  For the reasons stated in paragraph 16, *supra*, Fire Products GP Holding, LLC is a citizen or subject of a foreign state under 28 U.S.C. § 1332.

27.     The Complaint alleges that Defendant Kidde-Fenwal, Inc. is a "Delaware corporation" and has its principal place of business in Ashland, Massachusetts.  (*Id.* ¶ 15o).  Kidde-Fenwal, Inc. is a citizen of Delaware and Massachusetts.

28.     The Complaint alleges that Defendant Kidde PLC, Inc. is a "Delaware corporation" that has its principal place of business in Farmington, Connecticut.  (*Id.* ¶ 15p).  Kidde PLC., Inc. is a citizen of Delaware and Connecticut.

29.     The Complaint alleges that Defendant Chubb Fire, Ltd. is a "foreign private limited company" with offices in Ashford, Middlesex, United Kingdom. (*Id.* ¶ 15q).  "UK 'limited' companies are not treated as LLCs," but are "'treated as corporations for the purposes of diversity,'" and thus are citizens of their state of organization and principal place of business. *210 Brands Inc. v. Canterbury of N.Z. Ltd.*, 2020 WL 7773892, at *4 (C.D. Cal. Dec. 29, 2020) (quoting *SHLD, LLC v. Hall*, 2015 WL 5772261, at *2 (S.D.N.Y. Sept. 29, 2015)).  Accordingly, Chubb Fire, Ltd.

1  is a U.K. entity with its principal place of business in the United Kingdom, and is a
2  citizen or subject of a foreign state under 28 U.S.C. § 1332.

3      30.     The Complaint alleges that Defendant UTC Fire & Security Americas
4  Corporation, Inc. is a "Delaware corporation" that has its principal place of business
5  in Palm Beach Gardens, Florida.  (Compl. ¶ 15r).  UTC Fire & Security Americas
6  Corporation, Inc. is a citizen of Delaware and Florida.

7      31.     The Complaint alleges that Defendant Carrier Global Corporation is a
8  "Delaware corporation" that has its principal place of business in Palm Beach
9  Gardens, Florida.  (*Id.* ¶ 15s).  Carrier Global Corporation is a citizen of Delaware
10  and Florida.

11      32.     The Complaint alleges that Defendant Raytheon Technologies
12  Corporation is a "Delaware corporation" that has its principal place of business in
13  Waltham, Massachusetts. (*Id.* ¶ 15t).  Raytheon Technologies Corporation is a citizen
14  of Delaware and Massachusetts.

15      33.     The Complaint alleges that Defendant National Foam Inc. is a "Delaware
16  corporation" that has its principal place of business in Angier, North Carolina.  (*Id.*
17  ¶ 15u).  National Foam Inc. is a citizen of Delaware and North Carolina.

18      34.     The Complaint alleges that Defendant Angus International Safety Group,
19  Ltd. is a "foreign private limited company" registered in the United Kingdom with
20  offices in High Bentham, Near Lancaster, United Kingdom.  (*Id.* ¶ 15v).  United
21  Kingdom LLCs are treated as corporations for the purposes of diversity and thus are
22  citizens of their state of organization and principal place of business. *210 Brands Inc*,
23  2020 WL 7773892, at *4.  Accordingly, Angus International Safety Group, Ltd. is a
24  U.K. entity that has its principal place of business in the United Kingdom and is a
25  citizen or subject of a foreign state under 28 U.S.C. § 1332.

26      35.     The Complaint alleges that Defendant Buckeye Fire Equipment
27  Company is an "Ohio corporation" that has its principal place of business in

28

Mountain, North Carolina. (Compl. ¶ 15w). Buckeye Fire Equipment Company is a citizen of Ohio and North Carolina.

36. The Complaint alleges that Defendant Arkema Inc. is a "Pennsylvania corporation" that has its principal place of business in King of Prussia, Pennsylvania. (*Id.* ¶ 15x). Arkema Inc. is a citizen of Pennsylvania.

37. The Complaint alleges that Defendant BASF Corporation is a "Delaware corporation" that has its principal place of business in Florham Park, New Jersey. (*Id.* ¶ 15y). BASF Corporation is a citizen of Delaware and New Jersey.

38. The Complaint alleges that Defendant ChemDesign Products, Inc. is a "Delaware corporation" that has its principal place of business in Marinette, Wisconsin. (*Id.* ¶ 15z). ChemDesign Products, Inc. is a citizen of Delaware and Wisconsin.

39. The Complaint alleges that Defendant Clariant Corporation is a "New York corporation" that has its principal place of business in Charlotte, North Carolina. (*Id.* ¶ 15aa). Clariant Corporation is a citizen of New York and North Carolina.

40. The Complaint alleges that Defendant Chemicals Incorporated is a "Texas corporation" that has its principal place of business in Baytown, Texas. (*Id.* ¶ 15bb). Chemicals Incorporated is a citizen of Texas.

41. The Complaint alleges that Defendant Nation Ford Chemical Company is a "South Carolina corporation" that has its principal place of business in Fort Mill, South Carolina. (*Id.* ¶ 15cc). Nation Ford Chemical Company is a citizen of South Carolina.

42. The Complaint alleges that Defendant AGC Chemicals Americas, Inc. is a "Delaware corporation" that has its principal place of business in Exton, Pennsylvania. (*Id.* ¶ 15dd). AGC Chemicals Americas, Inc. is a citizen of Delaware and Pennsylvania.

43. The Complaint alleges that Defendant AGC, Inc. is a corporation that is "organized under the laws of Japan" and has its principal place of business in Tokyo,

Japan.  (*Id.* ¶ 15ee).  AGC, Inc. is a citizen or subject of a foreign state under 28 U.S.C. § 1332.

44.     The Complaint alleges that Defendant Deepwater Chemicals, Inc. is a "Delaware corporation" that has its principal place of business in Woodward, Oklahoma.  (*Id.* ¶ 15ff).  Deepwater Chemicals, Inc. is a citizen of Delaware and Oklahoma.

45.     The Complaint alleges that Defendant Dynax Corporation is a "Delaware corporation" that has its principal place of business in Elmsford, New York.  (*Id.* ¶ 15gg).  Dynax Corporation is a citizen of Delaware and New York.

46.     The Complaint alleges that Defendant Archroma Management, LLC is a "foreign limited liability company registered in Switzerland."  (*Id.* ¶ 15hh).  Thus, Archroma Management, LLC has the same citizenship as that of its members.  None of the members of Archroma Management, LLC is a citizen of California or any other state in the United States.  Archroma Management, LLC is a citizen or subject of a foreign state under 28 U.S.C. § 1332.

47.     The Complaint alleges that Defendant Archroma U.S., Inc. is a "Delaware corporation" that has its principal place of business in Charlotte, North Carolina.  (*Id.* ¶ 15ii).  Archroma U.S., Inc. is a citizen of Delaware and North Carolina.

48.     None of the Doe Defendants has been substituted with any named Defendants or been served with process.  For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. §1441(b); *see Soliman v. Philip Morris Inc.,* 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant.").  Therefore, the citizenship of the Doe Defendants must be disregarded for diversity purposes.

49.     Because Plaintiff is a citizen of California, and every Defendant is a citizen of a different State or a citizen or subject of a foreign state under 28 U.S.C. § 1332, complete diversity among the parties exists in this action.

50.     The amount in controversy requirement is also satisfied.  The amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.  As the Supreme Court has made clear, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  Although Tyco denies that Plaintiff is entitled to any monetary or other relief, the amount in controversy here is plainly in excess of the jurisdictional minimum.

51.     Although Plaintiff does not state a precise dollar amount in controversy, the allegations in the Complaint show that the damages sought exceed $75,000, exclusive of interest and costs.  Plaintiff, a water provider for individuals and businesses, seeks to recover "all past, present, and future" damages to its property, which Plaintiff defines as its water, water sources, water supplies, wells, piping, water and distribution systems, and related lands, properties, and facilities." (Compl. ¶¶ 1–3). Plaintiff seeks multiple categories of "compensatory" damages, including (1) "costs and expenses related to the past, present, and future investigation, sampling, testing, and assessment of the extent of PFAS contamination on and within Plaintiff's Property"; (2) "costs and expenses related to the past, present, and future treatment, filtration, and remediation of PFAS contamination of Plaintiff's Property"; (3) "costs and expenses associated with and related to the removal and disposal of the PFAS contamination from Plaintiff's Property"; and (4) "costs and expenses related to the past, present, and future installation and maintenance of monitoring mechanisms to assess and evaluate PFAS on and within Plaintiff's Property." (*Id.* Prayer for Relief at 32–33.).  Plaintiff also seeks consequential damages. (*Id.* at 33). Further, Plaintiff seeks punitive damages and attorneys' fees (*id.*), both of which count toward the

amount in controversy. *See, e.g.*, *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (punitive damages); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorneys' fees).

52.   The foregoing allegations make plain that the amount in controversy here exceeds $75,000, exclusive of interest and costs, and thus that the jurisdictional amount-in-controversy requirement under § 1332(a) is satisfied.

53.   Because there is complete diversity of citizenship between Plaintiff and Defendants, and because the amount in controversy exceeds $75,000, exclusive of interest and costs, this case is subject to removal by Tyco on diversity grounds pursuant to 28 U.S.C. §§ 1332 and 1441.

WHEREFORE, Tyco hereby removes this action from the Superior Court of the State of California in and for the County of Los Angeles, to the United States District Court for the Central District of California, Western Division.

DATED:  December 22, 2021          NELSON MULLINS RILEY &
                                   SCARBOROUGH LLP


                                   By:   ___/s/ *Ryan E. Cosgrove*___
                                         RYAN E. COSGROVE
                                         Attorney for Defendants
                                         TYCO FIRE PRODUCTS LP and
                                         CHEMGUARD, INC.

1

## **CERTIFICATE OF SERVICE**

2

   I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 19191 South Vermont Avenue, Suite 900, Torrance, CA 90502.  On the date set forth below, I served the within document:

3

4

### **NOTICE OF REMOVAL**

5

☐   ELECTRONIC - by transmitting via email the document(s) listed above to the email address(es) set forth on the attached service list on this date before 5:00 p.m.

6

7

☒   MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

8

9

10

11

12

13

John P. Fiske
BARON & BUDD, P.C.
11440 West Bernardo Court, Suite 265
San Diego, CA 92127
Tel: (858) 251-7424
Email: Fiske@BaronBudd.com

14

15

16

Arnold Alvarez-Glasman
Gloria V. Ramirez
ALVEREZ-GLASMAN & COLVIN
13181 Crossroads Pkwy. North
Suite 400 – West Tower
City of Industry, CA 91746
Tel: (562) 699-5500
*Attorneys for Plaintiff*

17

18

19

20

21

3M Company
3M Center
Bldg 220-9E-02
Saint Paul, MN 55144-1000

22

23

24

E.I. Du Pont De Nemours Company
974 Centre Road
Wilmington, DE 19805

25

26

The Chemours Company FC, LLC
1007 Market Street
Wilmington, DE 19899

ChemDesign Products, Inc.
2 Stanton Street
Marinette, WI 54143

Chemicals Inc.
12321 Hatcherville Road
Baytown, TX 77521

Chubb Fire Ltd.
Littleton Road
Ashford, Middlesex
United Kingdom TW15 1TZ

Clariant Corporation
4000 Monroe Road
Charlotte, NC 28205

27

28

TYCO FIRE PRODUCTS LP AND CHEMGUARD, INC.'S NOTICE OF REMOVAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Chemours Company
1007 Market Street
P.O. Box 2047
Wilmington, DE 19899

Kidde-Fenwal, Inc.
400 Main Street
Ashland, MA 01721

National Foam Inc.
141 Junny Road
Angier, NC 27501

Buckeye Fire Equipment Company
110 Kings Road
Kings Mountain, NC 28086

AGC Chemicals Americas, Inc.
55 E. Uwchlan Avenue, Suite 201
Exton, PA 19341

AGC, Inc. f/k/a Asahi Glass Co., Ltd.
1-5-1, Marunouchi,
Chiyada-ku, Tokyo
100-8405 Japan

Archroma Management, LLC
Neuhofstrasse 11
4153 Reinach
Basel-Land, Switzerland

Archroma U.S., Inc.
5435 77 Center Dr., #10
Charlotte, NC 28217

Arkema Inc.
900 First Avenue
King of Prussia, PA 19406

Corteva, Inc.
974 Centre Road
Bldg 735
Wilmington, DE 19805

Deepwater Chemicals, Inc.
196122 E County Road 40
Woodward, OK 73801

DuPont de Nemours, Inc.
974 Centre Road, Building 730
Wilmington, DE 19805

Carrier Global Corporation
13995 Pasteur Boulevard
Palm Beach Gardens, FL 33418

Dynax Corporation
79 Westchester Avenue
Pound Ridge, NY 10576

Kidde PLC, Inc.
9 Farm Springs Road
Farmington, CT 06032

Nation Ford Chemical Company
2300 Banks Street
Fort Mill, SC 29715

Raytheon Technologies Corporation
f/k/a United Technologies Corporation
870 Winter Street
Waltham, MA 02451

UTC Fire & Security Americas
Corporation, Inc.
13995 Pasteur Blvd.
Palm Beach Gardens, FL 33418

-14-

1
Angus International Safety Group, Ltd.
Station Road
2
High Bentham, Near Lancaster LA2
3
7NA
United Kingdom
4

5
BASF Corporation
100 Park Avenue
6
Florham Park, NJ 07932
7

8
Johnson Controls International PLC
One Albert Quay
9
Ballintemple, Cork T12 X8N6
Ireland
10

11
Central Sprinkler LLC
c/o The Corporation Trust Company
12
1209 Orange Street
13
Wilmington, DE 19801
14

15
Fire Products GP Holding, LLC
c/o C T Corporation System
16
9360 Glacier Hwy Ste 202
Juneau, AK 99801
17
*Defendants*
18

19        I declare under penalty of perjury that the foregoing is true and correct, and

that this declaration was executed on **December 22, 2021**, at Torrance, California.
20

21

22                                                              Judy Carter
23

24

25

26

27

28